IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ASUSTEK COMPUTER INC.,<br><br>    Defendant. | Civil Action No. 6:22-cv-00311<br>Civil Action No. 6:22-cv-00312<br>Civil Action No. 6:22-cv-00313<br><br>**JURY DEMANDED** |
| SVV TECHNOLOGY INNOVATIONS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ACER INC.,<br><br>    Defendant. | Civil Action No. 6:22-cv-00639<br>Civil Action No. 6:22-cv-00640<br>Civil Action No. 6:22-cv-00641<br><br>**JURY DEMANDED** |

**MOTION OF DEFENDANTS ASUSTEK COMPUTER INC. AND ACER INC. TO CONSOLIDATE THEIR CASES WITH A RELATED CASE AGAINST DEFENDANT MICRO-STAR INTERNATIONAL CO., LTD. PURSUANT TO FED. R. CIV. PRO. 42(a)**

Defendant ASUSTeK Computer Inc. ("ASUSTeK") (Case Nos. 6:22-cv-311, 6:22-cv-312 and 6:22-cv-313) and Defendant Acer Inc. ("Acer") (Case Nos. 6:22-cv-639, 6:22-cv-640 and 6:22-cv-641) respectfully move that their cases be consolidated with one another for pretrial purposes and further consolidated for pretrial purposes with the three related cases brought by Plaintiff SVV Technology Innovations, Inc. ("SVVTI") against Micro-Star International Co., Ltd. ("MSI") (Case Nos. 6:22-cv-511, 6:22-cv-512 and 6:22-cv-513). ASUSTeK and Acer further move that all cases be put on the schedule of the MSI cases. MSI does not oppose this motion.

**BACKGROUND FACTS**

SVVTI filed these its three cases against ASUSTeK on March 24, 2022 alleging infringement of a total of 13 patents. *See* Case No. 6:22-cv-311, Dkt. No. 1. Shortly thereafter, SVVTI filed its virtually identical complaints in this Court against MSI on May 19, 2022, *see* Case

1

No. 6:22-cv-511, Dkt. No. 1, and another three virtually identical cases against Acer on June 21, 2022. *See* Case No. 6:22-cv-639, Dkt. No. 1.[1] In the three groups of cases against ASUSTeK, MSI and Acer, SVVTI asserts infringement of the same 13 patents.

The Court consolidated the cases against ASUSTeK, MSI and Acer for purposes of claim construction. 311 Case, Dkt. No. 35; 511 Case, Dkt. No. 22; 639 Case, Dkt. No. 30. Accordingly, the parties filed one set of briefs, 311 Case, Dkt. Nos. 36, 37, 39 and 40; 511 Case, Dkt. Nos. 23, 24, 26 and 28; 639 Case, Dkt. Nos. 32, 34, 38 and 42, and the Court conducted a single claim construction hearing, 311 Case, Dkt. No. 42; 511 Case, Dkt. No. 30; 639 Case, Dkt. No. 44, and entered a single claim construction order in all nine cases. 311 Case, Dkt. No. 46; 511 Case, Dkt. No. 34; 639 Case, Dkt. No. 48.

The Court issued separate scheduling orders in the three sets of cases. The scheduling order in the ASUSTeK case provides, for example, for the close of fact discovery on August 11, 2023 and the commencement of trial on January 12, 2024. 311 Case, Dkt. No. 20. Because SVVTI filed its complaints against Acer and MSI slightly later than it filed the complaint against ASUSTeK, the schedule in the Acer cases calls for fact discovery to close on October 3, 2023 and the commencement of trial on March 5, 2024, 639 Case, Dkt. No. 25, and the schedule in the MSI cases provides for fact discovery to close on October 23, 2023 and trial to begin on March 25, 2024. 511 Case, Dkt. No. 15. Beginning with the deadline to meet-and-confer to start the process of narrowing claims and prior art references, the dates through trial in each of the three groups of cases are set forth in the following table:[2]

---

[1] Unless indicated otherwise, for the ASUSTeK cases, cites are to the docket in Case No. 6:22-cv-311 (the "311 Case"); for the MSI cases, cites are to Case No. 6:22-cv-511 (the "511 Case"); and for the Acer cases, cites are to Case No. 6:22-cv-639 (the "639 Case"). In most instances, documents identical to the cited document were filed in all three ASUSTeK cases, MSI cases and Acer cases, respectively.

[2] Defendants' motion seeks to put the case on the same schedule beginning with the first deadline to narrow claims because the cases already are on the same schedule through the immediately prior deadline, June 16, for the service of final infringement and invalidity contentions.

2

| Item | ASUSTeK Date | Acer Date | MSI Date |
|---|---|---|---|
| Deadline for the first of two meet-and-confers to discuss significantly narrowing the number of claims asserted and prior art references. | July 14, 2023 | September 5, 2023 | September 25, 2023 |
| Close of Fact Discovery. | August 11, 2023 | October 3, 2023 | October 23, 2023 |
| Opening Expert Reports. | August 18, 2023 | October 10, 2023 | October 30, 2023 |
| Rebuttal Expert Reports. | September 15, 2023 | November 7, 2023 | November 27, 2023 |
| Close of Expert Discovery. | October 6, 2023 | November 28, 2023 | December 18, 2023 |
| Deadline for the second of two meet-and-confers to discuss narrowing the number of claims asserted and prior art references. | October 13, 2023 | December 5, 2023 | January 2, 2024 |
| Dispositive motion deadline and *Daubert* motion deadline. | October 20, 2023 | December 12, 2023 | January 2, 2024 |
| Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). | November 3, 2023 | December 26, 2023 | January 16, 2024 |
| Serve objections to pretrial disclosures/rebuttal disclosures. | November 17, 2023 | January 9, 2024 | January 29, 2024 |
| Serve objections to rebuttal disclosures and File Motions *in limine*. | November 27, 2023 | January 16, 2024 | February 5, 2024 |
| File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* | December 1, 2023 | January 23, 2024 | February 12, 2024 |
| File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. | December 8, 2023 | January 30, 2024 | February 20, 2024 |
| File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. | December 19, 2023 | February 8, 2024 | February 27, 2024 |
| Final Pretrial Conference. | December 22, 2023 | February 13, 2024 | March 4, 2024 |
| Jury Selection/Trial. | January 12, 2024 | March 5, 2024 | March 25, 2024 |

ASUSTeK and Acer request that all cases be consolidated for all pretrial purposes and put on the schedule for the MSI cases. This would extend all deadlines in the ASUSTeK cases by approximately two months and in the Acer cases by approximately three weeks. Consolidating the cases and having them on the same schedule will promote efficiency and preserve judicial resources.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) gives courts the authority to consolidate cases or "issue any other orders to avoid unnecessary cost or delay." In *Lay v. Spectrum Clubs, Inc.*, Case No. 5:12-cv-00754-DAE, 2013 WL 788080 (W.D. Tex. March 1, 2013), the court ordered certain actions consolidated "for the purposes of discovery and all pretrial matters." *Id*. at *3. The court noted that consolidation is intended "as a procedural device used to promote judicial efficiency and economy." *Id.* at *2, quoting *Frazier v. Garrison*, 980 F.2d 1514, 1532 (5th Cir. 1993). In *Lay*, the court found consolidation to be appropriate because the cases had common legal and factual questions, overlapping parties and many of the same witnesses and anticipated pieces of evidence. *Id*. at *2. The reasoning employed by the *Lay* court applies with equal force here.

Consolidating the three sets of case and putting them on the MSI schedule through discovery and pretrial would likewise "promote judicial efficiency and economy" in several ways.

*First*, the cases involve nearly identical questions of law and fact. SVVTI, the lone plaintiff in all the cases, asserts the same 13 patents and infringement claims against all three Defendants. Thus, questions of invalidity will be essentially identical in all cases.

*Second*, although each set of cases has a different named defendant, the accused computer monitors sold by the Defendants are acquired from the same suppliers and are the same in most material respects. Thus, questions of alleged infringement will be essentially identical in all cases, or, at a minimum, will substantially overlap.

*Third*, many of the same witnesses will be involved in all cases. Plaintiff's agents will presumably appear in each case, as will the inventor of the 13 patents asserted against each of the Defendants. In addition, it is likely Defendants will share experts on at least issues of alleged

infringement and invalidity. Similarly, the evidence in the three cases will largely be the same. Thus, all relevant factors favor consolidating the cases and putting them on the schedule of the MSI cases.

Having the cases proceed at the same time will promote judicial economy and lessen the burden on the Court. With the cases on the same schedule, the Court will have to resolve fewer dispositive motions and deal with fewer pretrial filings, including a reduced number of motions in limine, as Defendants will be able to file most motions – dispositive and in limine – jointly.

In addition to promoting judicial economy, putting the ASUSTeK and Acer cases on the schedule of the MSI case will ***benefit*** SVVTI. Pushing the schedule for the cases against ASUSTeK by two months will not make a material difference, and moving the schedule for the Acer cases by three weeks will have even less of an effect on Plaintiff. More importantly, SVVTI will have to go through only one round of narrowing claims for trial, it will have to produce its witnesses for depositions only once, it will have to do only one set of expert reports, it will have to depose most of Defendants' experts only once and it will have to prepare and respond to only one set of pretrial filings. MSI has indicated it does not oppose the consolidation of all cases for pretrial or the putting all cases on the schedule for its cases. Therefore, consolidating and syncing the schedules of the three groups of cases to the MSI schedule will prevent waste for the parties and encourage efficiency.

## **CONCLUSION**

For the foregoing reasons, ASUSTeK and Acer respectfully request that their motion to consolidate their cases with the MSI for pretrial and align their schedules with the schedule in the MSI case be granted.

DATED: June 2, 2023        By: <u>/s/ Jack Shaw</u>
Jack Shaw
California Bar No. 309382
Robert H. Sloss *(Admitted Pro Hac Vice)*
California Bar No. 87757
PROCOPIO CORY HARGREAVES
& SAVITCH LLP
3000 El Camino Real, Suite 5-400, Palo Alto, CA 94306
Telephone: (650) 645-9000
Facsimile: (650) 687-8300
Email: robert.sloss@procopio.com
Email: jack.shaw@procopio.com

Allen F. Gardner
Allen Gardner Law, PLLC
609 S. Fannin
Tyler, TX 75701
Tel: 903-944-7537
Email: allen@allengardnerlaw.com

Attorneys for Defendant
ASUSTEK COMPUTER INC.

By: <u>/s/Jerry Chen</u>
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

Kai Tseng (CA Bar No. 193756)
Craig Kaufman (CA Bar No. 159458)
Jerry Chen (CA Bare No. 229318)
**TECHKNOWLEDGE LAW GROUP LLP**
20660 Stevens Creek Blvd., Suite 381

6

Cupertino, CA 95014
Tel: (650) 517-5200
Fax: (650) 562-8054
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
jchen@tklg-llp.com

**Attorneys for Defendant
Acer Inc.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel conferred regarding the relief requested in this motion. Counsel for Micro-Star International Co., Ltd. indicate that it is unopposed to the relief requested in this motion. Counsels for Defendants ASUSTeK Computer Inc. and Acer Inc. conferred via electronic mail with counsel for Plaintiff, Mr. Robert Katz, via electronic mail concerning the relief requested in this motion, and Mr. Katz indicates that Plaintiff is opposed. Counsel for Defendant ASUSTeK Computer Inc., Mr. Allen Gardner, conferred with counsel for Plaintiff, Mr. Robert Katz, via telephone on June 1, 2023, and Mr. Katz and Mr. Gardner discussed these issues. As understood by Mr. Gardner, Plaintiff is opposed to the relief requested in this motion as Plaintiff believes the relief requested would add increased burden to Plaintiff. Accordingly, the parties are at an impasse, and this motion is submitted accordingly.

*/s/ Jerry Chen*
Jerry Chen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on June 2, 2023, and was served via CM/ECF on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(b)(1).

*/s/ Jerry Chen*
Jerry Chen