**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC., | § § | |
| | § | Civil Action No.  6:22-cv-00639-ADA |
| *Plaintiff*, | § | Civil Action No.  6:22-cv-00640-ADA |
| v. | § | Civil Action No.  6:22-cv-00641-ADA |
| | § | |
| ACER INC., | § | |
| *Defendant*. | § | |

**DEFENDANT ACER INC.'S *DAUBERT* MOTION AND MOTION TO STRIKE**
**OPINIONS OF PLAINTIFF SVV TECHNOLOGY INNOVATIONS, INC.'S EXPERT**
**THOMAS CREDELLE**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     LEGAL STANDARDS ....................................................................................... 1

        A.      Excluding Expert Testimony Under *Daubert* ...................................... 1

        B.      Excluding Expert Opinion That Was Not Preserved In Contentions. ......................... 3

III.    STATEMENT OF FACTS ................................................................................. 3

        A.      Mr. Credelle's Background and Experiences ................................................. 3

        B.      Opinions Regarding Acer's Product Sourcing/Sales and Alleged Liability Under 35
                U.S.C. § 271 ................................................................................................ 4

        C.      Opinions Regarding Acer's Notice of Infringement and Alleged Intent to Induce
                Infringement ................................................................................................ 5

        D.      Opinions On Acer's Corporate Structure and Alleged Vicarious Liability ................ 6

        E.      Opinions On "Patent Strength Indications" ...................................................... 7

IV.     MR. CREDELLE'S OPINIONS ARE INADMISSIBLE UNDER RULE 702 AND
        *DAUBERT* ...................................................................................................... 8

        A.      The Court Should Exclude Mr. Credelle's Opinions Regarding Acer's Product
                Sourcing/Sales and Alleged Liability Under 35 U.S.C. § 271 ..................................... 8

                1.      Mr. Credelle Is Not Qualified To Opine On Section 271 Liability ........................ 8

                2.      Conclusions of Law Are Inadmissible ...................................................... 10

                3.      Paraphrased Witness Testimony Does Not Aid Juror Understanding, Risking
                        Confusion And Prejudice ...................................................................... 11

        B.      The Court Should Exclude Mr. Credelle's Opinions Regarding Acer's Notice of
                Infringement and Alleged Intent to Induce Infringement ........................................ 13

        C.      The Court Should Exclude Mr. Credelle's Opinions On Acer's Corporate Structure
                and Alleged Vicarious Liability .................................................................. 14

        D.      The Court Should Exclude Mr. Credelle's Opinions Based On Third Party
                Innography Patent Rating Reports ................................................................ 16

**V.    THE COURT SHOULD STRIKE MR. CREDELLE'S OPINIONS BASED ON INFRINGEMENT THEORIES THAT WERE NOT DISCLOSED IN SVVTI'S INFRINGEMENT CONTENTIONS** ............................................................................... 19

**VI.   CONCLUSION** ........................................................................................................ 22

# TABLE OF AUTHORITIES

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*,
   No. 2:21-cv-00430-JRG-RSP, 2023 WL 4847343 (E.D. Tex. July 28, 2023) ........................ 14

*Daubert v. Merrell Dow Pharma., Inc.*,
   509 U.S. 579 (1993) ..................................................................................................................... 2

*Diamondback Indus., Inc. v. Repeat Precision, LLC*,
   No. 6:19-cv-00034-ADA, 2019 WL 7761432 (W.D. Tex. Aug. 20, 2019) ............................. 12

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ..................................................................................................................... 3

*Goodman v. Harris Cnty.*,
   571 F.3d 388 (5th Cir. 2009) ....................................................................................................... 3

*Gree, Inc. v. Supercell Oy*,
   No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550 .................................................................... 15

*Johnson v. Arkema, Inc.*,
   685 F.3d 452 (5th Cir. 2012) ....................................................................................................... 3

*Kozak v. Medtronic, Inc.*,
   512 F.Supp.2d 913 (S.D. Tex. 2007) ................................................................................... 2, 10

*Matosky v. Manning*,
   428 Fed.Appx. 293 (5th Cir. 2011) .............................................................................................. 3

*Nike, Inc. v. Adidas Am. Inc.*,
   479 F. Supp. 2d 664 (E.D. Tex. 2007) ......................................................................................... 4

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   711 F.3d 1348 (Fed. Cir. 2013) .................................................................................................. 18

*Realtime Data, LLC v. Morgan Stanley*,
   554 F. Appx. 923 (Fed. Cir. 2014) ............................................................................................... 4

*Realtime Data, LLC v. Packeteer, Inc.*,
   No. CIV.A. 6:08CV144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009) .................................... 4

*Renfroe v. Parker*,
   974 F.3d 594 (5th Cir. 2020) .......................................................................................... 3, 11, 16

*Retractable Techs. Inc. v. Abbott Labs., Inc.*,
   No. 5:05-cv-157, 2010 WL 11531436 (E.D. Tex. June 18, 2010) ............................................ 15

*Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*,
  2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ............................................................ 2, 10, 13

*Snap–Drape, Inc. v. Comm'r*,
  98 F.3d 194 (5th Cir. 1996) ...................................................................................... 11

*Spreadsheet Automation Corp. v. Microsoft Corp.*,
  587 F. Supp. 2d 794 (E.D. Tex. 2007) ....................................................................... 15

*Tomax AS v. Turbo Drill Indus., Inc.*,
  No. 6:21-CV-00260-ADA, 2023 WL 3171744 (W.D. Tex. Apr. 6, 2023) ........................... 3, 20

*United Servs. Autom. Ass'n v. Wells Fargo Bank, N.A.*,
  No. 2:18-cv-00366-JRG-RSP, 2019 WL 7041725 (E.D. Tex. Dec. 20, 2019) .................. 13, 17

*Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*,
  801 F.3d 512 (5th Cir. 2015) ..................................................................................... 2

## I.    INTRODUCTION

Defendant Acer Inc. ("Acer") moves to exclude the opinions of Plaintiff SVV Technology Innovations Inc.'s ("SVV") technical expert, Mr. Thomas Credelle regarding the following subjects:

- Acer's product sourcing/sales and alleged Section 271 liability for that activity;

- Acer's alleged notice of the patents and intent to induce infringement;

- Acer's corporate structure and alleged vicarious liability from that structure;

- Third party Innography's patent rating analysis.

Mr. Credelle is not qualified to opine on these subjects and his "opinions" are no more than legal conclusions and restatements of Acer witness testimony/documents, neither of which are permissible expert testimony. Mr. Credelle's opinions do not satisfy the requirements for admission under Fed. R. Evid. 702 and *Daubert* and must be excluded.

Acer also moves to strike Mr. Credelle's infringement opinions that are based on an analysis of non-party ▬▬▬▬▬▬. SVV did not disclose these theories in its preliminary or final infringement contentions that were served on Acer and did not produce the ▬▬▬ ▬▬ in a timely manner during fact discovery. By doing so, SVV prevented Acer from even having the opportunity to examine the claims through discovery. Thus, SVV's undisclosed infringement theories should be stricken.

## II.    LEGAL STANDARDS

### A.    Excluding Expert Testimony Under *Daubert*

Federal Rule of Evidence Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in

1

issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The party seeking to introduce expert testimony bears the burden of proving by a preponderance of the evidence that the expert is qualified and that his findings, opinions, and conclusions are both relevant and reliable. *See Daubert v. Merrell Dow Pharma., Inc.*, 509 U.S. 579, 589-593 (1993).

Whether an expert is qualified depends on if the witness has such knowledge or experience in the relevant field such that his opinion will likely aid the jury determine the truth. *See Kozak v. Medtronic, Inc.*, 512 F.Supp.2d 913, 917 (S.D. Tex. 2007)

Expert testimony is admissible only if it aids the fact finder in understanding the evidence or determining a fact at issue. *Daubert*, 509 U.S. at 591. If the subject matter of the expert's testimony is something the jury is capable of understanding, it does not meet the helpfulness criterion, is not relevant, and should not be admitted. *See e.g., Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 529 (5th Cir. 2015). Expert testimony that merely paraphrases the testimony of fact witnesses or documents is also not helpful and should not be admitted. *See Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *9-11 (E.D. Tex. Apr. 10, 2017).

Expert testimony must also be reliable, grounded in appropriate methods and procedures, and be more than just subjective belief. *See Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012). Conclusory assertions based on no discernable principles and connected to the facts by no more than the *ipse dixit* of the expert should not be admitted. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Matosky v. Manning*, 428 Fed.Appx. 293, 298 (5th Cir. 2011).

Finally, experts cannot render conclusions of law or provide opinions on legal issues. *See, e.g., Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020); *Goodman v. Harris Cnty.*, 571 F.3d

2

388, 399 (5th Cir. 2009).

**B.      Excluding Expert Opinion That Was Not Preserved In Contentions.**

The Court's Standing Order Governing Proceedings (OGP) 4.3 – Patent Cases requires that the plaintiff provide a "preliminary infringement contentions chart setting forth where in the accused product(s) each element of the asserted claim(s) are found." OGP (April 4, 2023) at 2. Final contentions in these matters were due on June 16, 2023, after which leave of Court is required for any further amendment. Dkt. 25 (Amended Scheduling Order) at 3.  Infringement contentions "are intended to frame the scope of the case in order to provide for 'full, timely discovery and [to] provide parties with adequate notice and information with which to litigate their case.'" *Realtime Data, LLC v. Packeteer, Inc.*, No. CIV.A. 6:08CV144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009), quoting *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 667 (E.D. Tex. 2007).  An expert's infringement reports may not introduce theories that were not previously set forth in the infringement contentions. *See Tomax AS v. Turbo Drill Indus., Inc.*, No. 6:21-CV-00260-ADA, 2023 WL 3171744, at *2 (W.D. Tex. Apr. 6, 2023).

The Court has the inherent power to strike expert reports or theories based on violations of its rules. *See Realtime Data, LLC v. Morgan Stanley*, 554 F. Appx. 923, 937 (Fed. Cir. 2014) (upholding district court decision striking plaintiff's expert report for failure to comply with the local rules of both the Eastern District of Texas and the Southern District of New York).

**III.      STATEMENT OF FACTS**

**A.      Mr. Credelle's Background and Experiences**

Mr. Credelle is SVVTI's technical expert on infringement and validity. Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 1-6. He received his B.S. degree in Electrical Engineering from Drexel University in 1969 and his M.S. degree in Electrical Engineering from the Massachusetts

3

Institute of Technology in 1970, with an emphasis on Electro Optics and Solid-State Materials. *Id.* at ¶ 10. His career has been focused on research and development and product engineering of flat panel displays and materials/optics/electronics for flat panel displays and LED lighting. *Id.* at ¶¶ 8, 11-21. He has been an active member of technical organizations, published technical papers, and is a named inventor on multiple patents related to display technology.

Mr. Credelle is not a lawyer, has no formal legal training, and no legal training in the field of patent law. Chen Dec. Ex. 2 (Credelle Tr.) at 44:5-15.

**B.   Opinions Regarding Acer's Product Sourcing/Sales and Alleged Liability Under 35 U.S.C. § 271**

Mr. Credelle opines on Acer's products sourcing/sales and alleged liability under 35 U.S.C. § 271 in his report Section XII (Statutory Types of Infringement by Acer) and in paragraphs 161-169 of Section XIII (Infringement Opinions and Analysis). Mr. Credelle's opinions, which are a series of legal assertions and restatements of Acer witness testimony, are shown in the example below:





Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 151, 161, and 168 (citing deposition testimony of Acer corporate witness Marc Ho). Attached as Exhibit A is a chart of Mr. Credelle's opinion regarding Acer's products sourcing/sales and alleged liability under 35 U.S.C. § 271 that should be excluded.

### C.  Opinions Regarding Acer's Notice of Infringement and Alleged Intent to Induce Infringement

Mr. Credelle also opines on Acer's alleged receipt of notice of infringement in Section XI (Defendants Awareness of the Asserted Patents) and alleged intent to induce infringement in paragraphs 166 of Section XIII (Infringement Opinions and Analysis) of his report, as reflected in the examples below:



5



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 143, 146, and 166. Attached as Exhibit B is a chart of Mr. Credelle's opinions regarding Acer's alleged notice of infringement and alleged intent to induce infringement that should be stricken.

**D.    Opinions On Acer's Corporate Structure and Alleged Vicarious Liability**

Mr. Credelle also opines on Acer's corporate structure and alleged vicarious liability for the acts of its subsidiaries. Again, Mr. Credelle's opinions are limited to conclusory legal assertions and restatements of Acer witness testimony/documents as show in the examples below.



6



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 158, 163, and 164. Attached as Exhibit C is a chart of Mr. Credelle's opinions regarding corporate structure and alleged vicarious liability that should be stricken.

### E.    Opinions On "Patent Strength Indications"

In Section VIII of his report, Mr. Credelle opines on "Patent Strength Indications" based on a patent ranking service called "Innography" provided by a company called Clarivate. ¶ 110. Mr. Credelle reproduces the Innography data for the SVV patents in paragraph 111 of his report. Based on the data output for the SVV patents, Mr. Credelle makes the following conclusory assertion:



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶ 112. No other analysis or explanation is provided. Mr. Credelle also makes the same conclusory assertions regarding patent strength for three patents assigned to SVV by ▮▮▮. *Id.* at ¶ 114.

7

## IV.   MR. CREDELLE'S OPINIONS ARE INADMISSIBLE UNDER RULE 702 AND *DAUBERT*

### A.   The Court Should Exclude Mr. Credelle's Opinions Regarding Acer's Product Sourcing/Sales and Alleged Liability Under 35 U.S.C. § 271

#### 1.   Mr. Credelle Is Not Qualified To Opine On Section 271 Liability

Mr. Credelle is SVVTI's technical expert on infringement and validity. He has bachelor and master degrees in electrical engineering, along with practical experience research, development, product engineering, and materials/optics/electronics for flat panel displays. Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 8, 10. Mr. Credelle has no formal legal training, and no legal training in patent law beyond the instructions provided to him by SVV's counsel. Chen Dec. Ex. 2 (Credelle Tr.) at 44:5-15.

In Sections XII (Statutory Types of Infringement by Acer) and XIII (Infringement Opinions and Analysis) of his report, Mr. Credelle purported to explain why Acer meets the legal definition for infringement under the various subsections of Section 271. Examples of Mr. Credelle's statements on these issues are reproduced below:



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 151, 161-163 (emphasis added). Mr. Credelle's

offers the same type of opinions for Sections 271(b), (c), and (g). *Id*. at ¶¶ 152-154, 166-167.

By his own admission, Mr. Credelle is not a lawyer – he has no training or experience into the legal requirements for direct or indirect infringement liability under Section 271.  He freely admitted this during his deposition:

Q. Other than what is recited, do you have any specialized expertise on the legal requirement of direct infringement?
A. I would have to say no direct legal training in the subject.
Q. Okay. Did you do any case law research on the legal requirements of direct infringement?
A. No, I did not.
***Q. Do you have any specialized training on how to determine whether direct infringement is legally satisfied?***
***A. I guess I would have to say no to that.***

Chen Dec. Ex. 2 (Credelle Tr.) at 45:1-12 (emphasis added).

Q. And do you have any expertise on the legal requirements of induced infringement?
A. No legal training. It's just my understanding of what the words mean.
Q. Did you do any case law research about the legal requirements of induced infringement?
A. I did not.
***Q. Do you have any specialized training on how to determine whether induced infringement is legally satisfied?***
***A. No specialized training other than just my experience.***
Q. Do you have any expertise on the legal requirements of contributory infringement?
A. No legal training per se.
Q. Do you have -- did you do any case law research regarding contributory infringement?
A. I did not.
***Q. Do you have any specialized training on how to determine whether contributory infringement is legally satisfied?***
***A. No -- no specific legal training on that subject.***

*Id*. at 45:25-46:22 (emphasis added).

Q. Do you have any expertise on the legal requirements of infringement under section 271(g) of the patent code?
A. 271(g), is that what you said?
Q. Yes.
A. I understand the instruction, but I don't have any legal training, if that's the question.
Q. And did you do any case law research on the legal requirements of infringement under 271(g) of the patent code?
A. No, I did not.

> *Q. Do you have any specialized training on how to determine whether infringement under 271(g) is legally satisfied?*
>
> *A. Not in detail, no.*

Chen Dec. Ex. 2 (Credelle Tr.) at 227:8-22 (emphasis added). Because Mr. Credelle does not have the qualifications or expertise to opine on any part of Section 271, he should not be permitted to offer opinion testimony on the subject. *See, e.g., Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *10 (E.D. Tex. Apr. 10, 2017) (excluding testimony of expert who "brings nothing to the table by way of pertinent expertise on the issue"); *Kozak v. Medtronic, Inc.*, 512 F.Supp.2d 913, 918-919 (S.D. Tex. 2007) (excluding testimony where expert was not "qualified in accordance with Rule 702 by specialized knowledge, education, training, or experience to render an admissible expert opinion[.]").

### 2.    Conclusions of Law Are Inadmissible

In addition to his lack of qualifications, Mr. Credelle's opinions should also be excluded because they are mostly conclusory legal assertions which are not admissible. *See Renfroe*, 974 F.3d at 598 ("Experts cannot 'render conclusions of law' or provide opinions on legal issues.").

Mr. Credelle's opinion includes assertions like:



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 151, 161.[1] Such conclusory opinions are not the product of any articulated principle or methodology. They are just stated, with no analytical framework that can be assessed or examined. Further, even if Mr. Credelle was qualified to perform the legal analysis, which he is not, it is not for an expert to render conclusions of law, much less by mere fiat. *See Snap–Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996). Testimony that seeks to interpret the law or advise the jury as to how the law should apply to the facts is not admissible. *See Diamondback Indus., Inc. v. Repeat Precision, LLC*, No. 6:19-cv-00034-ADA, 2019 WL 7761432, at *2 (W.D. Tex. Aug. 20, 2019) (excluding expert opinions that constituted conclusions of law). Mr. Credelle's conclusory legal assertions, reflected in paragraphs 146, 149, 151-157, 161-163, and 166 of his report must be excluded.

> ### 3.   Paraphrased Witness Testimony Does Not Aid Juror Understanding, Risking Confusion And Prejudice

In addition to his lack of qualifications, the remaining issues with Mr. Credelle's opinions are those that attempt to restate the testimony of Acer corporate designees. These restatements, reflected in paragraph 167-169 of his expert report, do not aid juror understanding of the facts surrounding Acer's product sourcing/sales – a subject that is non-technical and understandable to a lay juror. Further, as shown in the examples below, they can be misleading and risk confusion.

For example, Mr. Credelle asserts that Acer  , citing as support the testimony of Acer

---

[1] Similar conclusory legal assertions in other parts of Mr. Credelle's report should also be excluded. Chen Dec. Ex. 1 (Credelle Opening Report) at ¶ 146 ███████████ ¶ 149 ███████████ .

corporate designee Marc Ho.

> 167. Further evidence of Acer's inducement of infringement is noted by the fact that ***Acer directs its products to the U.S. market. It is my understanding that Acer manufactures (or has manufactured on its behalf) products that intends to be sold in the U.S.***[53]

Chen Dec. Ex. 1 (Credelle Opening Report) at ¶ 167, fn.53 citing Ho Tr. at 52:6-11. However, the cited testimony of Mr. Ho actually says ███████████████████████████████████



Chen Dec. Ex. 3 (Ho Tr.) at 52:6-11.

In another example, Mr. Credelle asserts that Acer ████████████████████████



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶ 169, fn.60 citing Ho Tr. at 36:24-37:15.  The cited testimony of Mr. Ho says the opposite, that ██████████████████████████████████



Chen Dec. Ex. 3 (Ho Tr.) at 22:1-23:3. Again, Mr. Credelle restatement is misleading.

Paraphrased witness testimony, passed off as opinion, is not useful to the fact finder. This

is particularly true here, where the issue of Acer's product sourcing/sales is not technical and where the fact witness's expertise might be of some benefit to the court or the jury. It can be presented via Acer witnesses without the need for expert "interpretation" – a truth underscored by the fact that Mr. Credelle's statements offer no added opinion, analysis or insight. Fact testimony should come from fact witnesses, and expert testimony that merely parrots deposition evidence should be excluded. *See Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, 2017 WL 1319553, at *10-11 (E.D. Tex. Apr. 10, 2017) ("More generally, denominating a witness as an expert does not give that witness leave to simply read materials such as exhibits and depositions in the case and then testify as to their contents."); *United Servs. Autom. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00366-JRG-RSP, 2019 WL 7041725, at *2 (E.D. Tex. 2019) (granting motion to strike where "the probative value is exceeded by the risk of prejudice and confusion.").

### B.    The Court Should Exclude Mr. Credelle's Opinions Regarding Acer's Notice of Infringement and Alleged Intent to Induce Infringement

Mr. Credelle has also offered opinions regarding Acer's alleged notice of infringement and intent to induce infringement. Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 143-147, 166-167. For example, Mr. Credelle opines that:



Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 146, 166.

Again, Mr. Credelle is not qualified to opine on these legal issues of what constitutes proper

notice, or what conduct meets the intent element for infringement. Chen Dec. Ex. 2 (Credelle Tr.) at 83:11-22 ("Q. Okay. Do you have any expertise on the legal requirements of notice for the purposes of infringement? A. No. . . . Q. Okay. And do you have any specialized training how to determine whether notice is legally satisfied? A. I do not."); 45:25-46:11 ("Q.    And do you have any expertise on the legal requirements of induced infringement? A. No legal training. It's just my understanding of what the words mean. . . . Q. Do you have any specialized training on how to determine whether induced infringement is legally satisfied? A. No specialized training other than just my experience."). Thus, his statements on this topic should be excluded. *See Atlas Glob. Techs. LLC v. TP-Link Techs. Co., LTD.*, No. 2:21-cv-00430-JRG-RSP, 2023 WL 4847343, at *5 (E.D. Tex. July 28, 2023) ("Consistent with prior precedent, the experts are precluded from testifying as to whether Defendants possessed the requisite knowledge or intent for indirect infringement.") *citing Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00071-JRG-RSP, 2020 WL 4059550, at *2; *See also Retractable Techs. Inc. v. Abbott Labs., Inc.*, No. 5:05-cv-157, 2010 WL 11531436, at *5 (E.D. Tex. June 18, 2010) ("the question of intent is a classic jury question and not one for the experts."); *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007). Courts have routinely precluded experts from testifying on these topics and the same preclusion should also apply here.

### C. The Court Should Exclude Mr. Credelle's Opinions On Acer's Corporate Structure and Alleged Vicarious Liability

Mr. Credelle presented opinions in his report that Acer Inc. should be vicariously liable for the conduct of its United States subsidiary, Acer America Corporation. Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 158-159, 163-165. The Court should also exclude Mr. Credelle's opinions because Mr. Credelle is not qualified to opine on these issues. He is not an expert on corporate structure, control, or vicarious liability under Texas law, California law or federal law.

14

Q. Do you have any expertise in corporate law?

A. Corporate law? When you say "expertise," formal training, no, but when I was with Clairvoyante, I was VP of engineering and worked extremely close with our corporate counsel on issues that related to our IP development and contracts with our -- with respect to customers. So I'm certainly aware of some of the aspects but no formal training.

*Q. Do you have any specialized legal training for determining whether a parent corporation is legally responsible for the acts of its subsidiary?*

*A. I do not.*

Q. Do you have any expertise on the legal requirements of vicarious liability under an alter ego theory?

A. I would have to say no to that.

Q. Did you do any case law research on this issue?

A. No.

*Q. Okay. And do you have any specialized training on how to determine whether vicarious liability under an alter ego theory is legally satisfied?*

*A. If there is some comments in my report about that, I would have to read them. I don't even think that came up. So at this point I would say I don't have any specialized knowledge about that topic.*

Q. Do you have any expertise on the legal requirements of vicarious liability under an agency theory?

A. Same answer, I do not have any specialized training in that field.

Q. And you didn't do any case law research on this issue; correct?

A. That is correct.

*Q. And you don't have any specialized legal training or specialized training on how to determine whether vicarious liability under an agency theory is legally satisfied; correct?*

*A. That would be correct.*

Chen Dec. Ex. 2 (Credelle Tr.) at 47:18-49:11.

Further, his conclusory legal assertions regarding these issues are not admissible expert opinion. *See Renfroe*, 974 F.3d at 598. Experts are not permitted provide opinions on legal issues or render conclusions of law. *See id.*



Chen Dec. Ex. 1 (Credelle Opening Report) (Section XIII: Infringement Opinions and Analysis) at ¶¶ 163, 165 (*emphasis added*). Mr. Credelle's legal conclusions about Acer's corporate control and vicarious liability must be excluded.

The rest of his opinions in paragraphs 164 and 165 are restatements of Acer witness testimony from Acer corporate designees or Acer's 2022 Annual Report. Id at ¶¶ 164-165. As discussed above, paraphrased testimony/documents masquerading as opinion is not admissible under Rule 702 because it does not assist juror understanding and has a high potential to mislead as the supposed "expert," without relevant expertise or personal knowledge, restates the information through his own prejudicial lens. *See United Servs. Autom. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-cv-00366-JRG-RSP, 2019 WL 7041725, at *2 (E.D. Tex. Dec. 20, 2019). Thus, Mr. Credelle's uninformed assertions regarding Acer's corporate organization should be excluded.

### D. The Court Should Exclude Mr. Credelle's Opinions Based On Third Party Innography Patent Rating Reports

Mr. Credelle relies on patent percentile ranking data generated by a service known as Innography to opine that the asserted patents ███████████████████████████████ ████████████████████████████████████████ ███████████████████████████ Chen Dec. Ex. 1 (Credelle Opening Report) at ¶¶ 110-114. He provides the patents' ranking in a table, which is partially reproduced below:





Mr. Credelle offers no explanation, background, comparisons, past experience or other analysis why ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████. *Id.* at ¶ 112. Mr. Credelle has never used this tool before his work on this case nor does he have any specialized training with the software. Chen Dec. Ex. 2 (Credelle Tr.) at 117:2-7, 119:13-120:4. He did not make the decision to use the Innography tool nor did he run the software himself. *Id.* at 120:5-15. Further, it appears that Mr. Credelle's ████████████████████████████████ ████████████████████████



*Id.* at 120:16-121:2. Nothing in Mr. Credelle's opinion or testimony gives any indication that Mr. Credelle is qualified to offer opinions based on the Innography rating system. Given that all Mr. Credelle did was ███████████████████████████████, it does not appear that interpretation of Innography's patent strength "ranking" even requires an expert. Mr. Credelle has not offered any technical explanation for his interpretation of the rankings and appears to be in no better position than the jury to assess them.

Further, though data relied on by an expert does not need to be admissible, it "cannot be derived from a manifestly unreliable source." *See Power Integrations, Inc. v. Fairchild*

17

*Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1373 (Fed. Cir. 2013). Mr. Credelle has not shown that Innography is an accepted, reliable method used by persons of ordinary skill in the relevant art to evaluate or assess the strength or value of patents. It also appears that the Innography's rankings are highly unreliable. The table below shows patents that Innography ranks highly but were invalidated in litigation or in administrative proceedings before the USPTO:

| Patent Number | Patent Strength Ranking | Current Legal Status |
|---|---|---|
| US6261664 | 82 | Invalidated: Advanced Display Techs. of Texas v. AU Optronics Corp., Case No. 6:11-CV-00011-LED, D.I. 229 (E.D. TX July 12, 2012) |
| US7523373 | 90 | Invalidated: Patent Quality Assurance, LLC v. VLSI Tech. LLC, IPR2021-01229, Paper No. 129 (P.T.A.B. 2023) |
| US7725759 | 91 | Invalidated: Intel Corp. v. VLSI Tech. LLC, IPR2021-01064, Paper No. 135 (P.T.A.B. 2023) |
| US6970083 | 91 | Invalidated: Canon Inc. v. Avigilon Fortress Corp., IPR2017-01833, Paper No. 31 (P.T.A.B. 2019) |
| US7268588 | 92 | Invalidated: Intel Corp. v. VLSI Tech. LLC, IPR2018-01035, Paper No. 32 (P.T.A.B. 2020) |
| US7608597 | 92 | Invalidated: Idenix Pharmaceuticals LLC v. Gilead Sciences Inc., 941 F.3d 1149 (Fed. Cir. 2019) |
| US7709303 | 92 | Invalidated: Intel Corp. v. VLSI Tech. LLC, IPR2018-01105, Paper No. 44 (P.T.A.B. 2019) |
| US7896742 | 91 | Invalidated: Creative Kingdoms, LLC v. ITC, 588 F. App'x 993 (Fed. Cir. 2014) |
| US7936370 | 94 | Invalidated: Sensormatic Elecs., LLC v. Wyze Labs, Inc., No. 1:19-cv-01543, D.I. 97 (D. Del. 2020) |
| US7954129 | 92 | Invalidated: Sensormatic Elecs., LLC v. Wyze Labs, Inc., No. 1:19-cv-01543, D.I. 97 (D. Del. 2020) |
| US8208019 | 93 | Invalidated: Sensormatic Elecs., LLC v. Wyze Labs, Inc., No. 1:19-cv-01543, D.I. 97 (D. Del. 2020) |
| US8577813 | 92 | Invalidated: Universal Secure Registry LLC v. Apple Inc., No. 1:17-cv-00585, D.I. 167 (D. Del. 2020) |
| US8610772 | 92 | Invalidated: Sensormatic Elecs., LLC v. Wyze Labs, Inc., No. 1:19-cv-01543, D.I. 97 (D. Del. Sept. 3, 2020) |
| US9072752 | 88 | Invalidated: Rimfrost AS. v. Aker Biomarine Antarctic AS., IPR2018-01730, Paper No. 35 (P.T.A.B. 2020) |
| US9100826 | 91 | Invalidated: Universal Secure Registry LLC v. Apple Inc., No. 1:17-cv-00585, D.I. 167 (D. Del. 2020) |
| US9530137 | 91 | Invalidated: Universal Secure Registry LLC v. Apple Inc., No. 1:17-cv-00585, D.I. 167 (D. Del. 2020) |

This shows that Innography's "PatentStrength" score is unreliable because it cannot be correlated to a patent's validity or invalidity—a fundamental threshold determination also underpinning the value or strength of a patent. Indeed, an invalid patent cannot be enforced and therefore its value, or strength, is zero.

Because the Innography data Mr. Credelle relies on is unreliable, Mr. Credelle's opinions relating to ███████████████████████████████████████████████████ ████████████████████████ . Accordingly, those opinions should be stricken.

## V.    THE COURT SHOULD STRIKE MR. CREDELLE'S OPINIONS BASED ON INFRINGEMENT THEORIES THAT WERE NOT DISCLOSED IN SVVTI'S INFRINGEMENT CONTENTIONS

Mr. Credelle's Opening Report includes infringement opinions directed against the following Acer Accused Products: ████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ . However, Mr. Credelle's opinions are not based on an analysis of actual Acer products. Instead, they are based his analysis of non-party ████████████████ Chen Dec. Ex. 1 (Credelle Report) at ¶¶ 141-142. Mr. Credelle alleges that the ████████████████████████████████

██████████████████████████████████████████████████████████ *Id*. The analysis of these products should be excluded for two reasons – the infringement theory was not properly raised in SVVTI's preliminary or final infringement contentions, and the theory is not reliable.

Turning first to the disclosure issue.  On September 20, 2022, March 29, 2023, and June 16, 2023, SVV served its preliminary, supplemental, and final infringement contentions under the Court's Order Governing Procedures.  Chen Dec. Ex. 4 (SVV Infringement Contentions).  In these

documents, SVV did not disclose any infringement theory where the infringement by *Acer*

***products*** was based on the analysis of ████████████. *Id.*  This disclosure failure warrants

exclusion of this evidence and testimony at trial. *See Tomax AS*, 2023 WL 3171744, at *4-6

(striking expert's infringement opinions that were not disclosed in the final infringement

contentions as untimely and prejudicial).

Nor was there adequate disclosure of this theory during discovery generally.  Instead, these

claim charts were produced to Acer, without an explanation of their relevance, four months later

on October 17, 2023, the last day of fact discovery, were produced without any of the underlying

████████████████, and were produced without any explanation that SVV intended

to prove infringement by relying on these third-party products.

Finally, should the Court excuse SVV's disclosure failures, it should nonetheless exclude

Mr. Credelle's opinions regarding these products because the underlying analysis is unreliable.

*See Johnson*, 685 F.3d at 466-467 (affirming exclusion of expert testimony as unreliable). Mr.

Credelle's opinions are based on the assertion that ████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████.  But the facts show that this

underlying assumption is not supported by the actual product structures.

First, in some cases, ████████████████████

████████████████████ products are identified in the chart attached

as Exhibit D.  This failure alone justifies exclusion because even Mr. Credelle's underlying

premise is not satisfied.

Second, Mr. Credelle's identification of ████████████████

This issue is demonstrated by Mr. Credelle's analysis of ██████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

██████   Because Acer does not have access to the underlying ██████████████, it has no

way to verify that he has not made the same incorrect identification for the ██████████.

And for either the actual or potential mismatch cases, this distinction is important, because

the ████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████

████████████████████



Chen Dec. Ex. 5 (██████████████████) at 7. In contrast, the ████████████████



Chen Dec. Ex. 6 ███████████████) at 7. This shows that Mr. Credelle's claims about ████████████████████████ are unreliable.

Mr. Credelle has not reliably established that the evidence for ████████████ ███████████████████████████. Consequently, Mr. Credelle's opinion that ██████████████████████████████████████████████████████████ ██████████, is not credible.

Mr. Credelle should not be permitted to testify regarding infringement of Acer products where the infringement analysis is based on undisclosed and unreliable analysis of ████████ ████████. His opinions in his expert report for these products should be stricken.

## VI.    CONCLUSION

For the foregoing reasons, Acer respectfully requests that the Court exclude the following opinions of SVV's technical expert Thomas Credelle:

- Opinions on Acer's product sourcing/sales and alleged Section 271 liability, reflected at paragraphs 146, 149, 151 to 157, 161 to 163, and 166 to 169 of his

22

opening report and listed in Exhibit A.

- Opinions on Acer's alleged notice of the patents and intent to induce infringement, reflected at paragraphs 143 to 147 and 166 to 167 of his opening report and listed in Exhibit B.

- Opinions on Acer's corporate structure and alleged vicarious liability from that structure, reflected at paragraphs 158 to 159 and 163 to 165 of his opening report and listed in Exhibit C.

- Opinions on third party Innography's patent rating analysis, reflected at paragraphs 110 to 114 of his opening report.

Acer also requests that the Court strike Mr. Credelle's infringement opinions based on an undisclosed theories and analysis of ███████████ .

DATED: January 10, 2024

Respectfully submitted,

*/s/ Eric H. Findlay*
Kaiwen Tseng (CA Bar No. 193756)
Craig Kaufman (CA Bar No. 159458)
Jerry Chen (CA Bar No. 229318)
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA  95014
Tel: (650) 517-5200
Fax: (650) 562-8054
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
jchen@tklg-llp.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**ATTORNEYS FOR DEFENDANT**
**ACER INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 10th day of January, 2024, with a copy of this document via electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay

24