**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.,** | **Civil Action No. 6:22-CV-00640-ADA** |
| *Plaintiff,* | █████████████████ |
| v. | |
| **ACER INC.,** | |
| *Defendant.* | |

████    **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Acer Inc.'s ("Acer") Rule 50(b) Renewed Motion for Judgment as a Matter of Law (ECF No. 185) and Rule 59 Motion for a New Trial or Remittitur (ECF No. 186). Plaintiff SVV Technology Innovations Inc. ("SVV") filed its Responses to these Motions on November 19, 2024 (ECF Nos. 192 and 193, respectively), and Acer filed its Replies on December 10, 2024 (ECF Nos. 197 and 198, respectively).

After careful consideration of the relevant facts and applicable law, the Court **DENIES** Acer's motions.

## I.    BACKGROUND

Plaintiff SVV initiated this patent infringement action on June 21, 2022 against Defendant Acer. ECF No. 1. At trial SVV accused Acer of infringing claims 9 and 14 of U.S. Patent No. 8,740,397 ("the '397 patent"), claim 10 of U.S. Patent No. 10,797,191 ("the '191 patent"), claim 16 of U.S. Patent No. 10,838,135 ("the '135 patent"), and claim 17 of U.S. Patent No. 10,868,205 ("the '205 patent") (collectively the "Asserted Patents").

Jury trial commenced on June 3, 2024. ECF No. 161. At the conclusion of a four-day trial, the jury returned a verdict that all asserted claims of the Asserted Patents were willfully infringed and not invalid and awarded SVV $10,306,900. ECF No. 158 (jury verdict form). Final judgment was entered in favor of SVV on September 27, 2024. ECF No. 179.

## II.    RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

### A.    Legal Standard

A court may grant JMOL against a prevailing party only if a reasonable jury would not have a legally sufficient evidentiary basis to find for the non-moving party on that issue. Fed. R. Civ. P. 50(a)(1). In deciding a renewed JMOL motion, a "court must draw all reasonable inferences

in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Taylor-Travis v. Jackson State University*, 984 F.3d 1107, 1112 (5th Cir. 2021). The court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Id*. This is because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013).

Courts grant JMOL for the party bearing the burden of proof only in extreme cases, when the party bearing the burden of proof has established its case by evidence that the jury would not be at liberty to disbelieve, and the only reasonable conclusion is in its favor. *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1375 (Fed. Cir. 2001). JMOL is inappropriate if the record evidence is such that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. *Laxton v. Gap Inc.*, 333 F.3d 572, 579 (5th Cir. 2003).

A jury verdict must stand unless there is a lack of substantial evidence, in the light most favorable to the successful party, to support the verdict. *Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004). Substantial evidence is more than a scintilla, but less than a preponderance. *Nichols v. Reliance Standard Life Ins. Co.*, 924 F.3d 802, 808 (5th Cir. 2019). Thus, JMOL must be denied if a jury's verdict is supported by legally sufficient evidence that amounts to more than a mere scintilla. *Laxton*, 333 F.3d at 585.

### B.    Discussion

Acer renews its motion for judgment as a matter of law ("JMOL") under Rule 50(b) that three findings of the jury's verdict were not supported by substantial evidence: (1) the damages award of $10.3 million; (2) the finding of willful infringement; and (3) the finding of statutory infringement by Acer. *See generally* ECF No. 185. Acer alternatively moves for a new trial on

damages because the jury's verdict violates the "maximum recovery rule" *See id*. at 6. The Court addresses each of these in turn below.

### 1.    Substantial Evidence Supports the Jury's Damages Award

The jury awarded a one-time lump sum royalty of $10,306,900. ECF No. 158 at 8. Acer asserts that the jury's damages award was not supported by substantial evidence by contending that the lump sum damages evidence SVV presented to the jury was "really a per-unit running royalty." *Id*. at 3. In particular, Acer contends that SVV calculated its proffered lump sum royalty range by improperly projecting future sales of the infringing products. *Id*. Ultimately, Acer contends that without SVV's improper reliance on SVV's expert's projected future sales of infringing products the jury's lump sum award is not supported by substantial evidence of what the parties would have estimated during the hypothetical negotiation. Acer's critique relies primarily on *Lucent Techs, Inc. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009), which Acer asserts requires evidence of the parties' expectations as to usage of the patented invention with such evidence to be contemporaneous with the timing of the hypothetical negotiation. *Id.* at 5; *see also* ECF No. 197 at 2-3.

SVV counters that Acer's challenge is an improper attack on the reliability of the lump sum damages testimony by SVV's damages expert, Dr. Farber. ECF No. 192 at 4. SVV contends that it is proper for a lump sum royalty to account for projections of future royalties. *Id.* at 2. SVV argues that *Lucent* is inapposite because (1) *Lucent* involved method claims for optional date-picker functionality, whereas this case involves system claims covering non-optional physical structure necessarily embodied in and used by the accused products, and (2) *Lucent* does not require that evidence concerning future usage be limited to evidence from the time of the hypothetical negotiation. *Id.* at 3-4.

As explained below, the Court agrees with SVV. Contrary to Acer's contention that SVV's damages expert, Dr. Farber, did not testify to "any actual lump-sum amount given that none were provided in his expert report" (ECF No. 158 at 6), Dr. Farber provided lengthy lump sum damages opinion testimony at trial. *See* ECF No. 162, 6/4/24 Trial Tr., 388:12–390:23; 394:21–395:14. Specifically, with no objection by Acer, Dr. Farber testified that in his opinion a lump sum royalty damages award should be $15,266,615. *Id*. at 395:6-14.

Given that Dr. Farber did in fact provide lump sum royalty testimony at trial, Acer's real complaint boils down to how Dr. Farber arrived at that number. Namely, Acer complains that Dr. Farber projected future sales of the accused products in calculating the lump sum royalty amount he testified to at trial. ECF No. 158 at 3. Acer's complaint, however, is ultimately a criticism of the methodology used by SVV's damages expert, and by extension the reliability of the lump sum damages range SVV presented at trial. As such, it is a late, and therefore waived, *Daubert* challenge. *KAIST IP US LLC v. Samsung Electronics Co., Ltd., et al.*, 439 F. Supp. 3d 860, 877 (E.D. Tex. 2020) (citing *Versata Software, Inc. v. SAP America, Inc.*, 717 F.3d 1255, 1264 (Fed. Cir. 2013)). "The Federal Circuit held that a JMOL is not the appropriate context for renewing attacks on an expert's methodology." *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.,* No. 2:13-cv-213, 2016 WL 362540, *3-4 (E.D. Tex. Jan. 29, 2016) (quoting *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1264 (Fed. Cir. 2013)); *see also SimpleAir, Inc. v. Google Inc.*, 77 F. Supp. 3d 569, 583 (E.D. Tex. 2014). The reliability of SVV's lump sum damages

evidence goes to the admissibility of its damage expert's opinion, not its sufficiency once offered. *Id.* (citing *Stevenson v. E.I. DuPont De Nemours & Co.*, 327 F.3d 400, 407 (5th Cir. 2003)).[1]

In attempting to cast its challenge as something other than an attack on Dr. Farber's methodology, Acer cites a handful of cases that it argues warrant its requested relief. The Court disagrees and addresses each in turn. Most prominently, Acer relies on *Lucent*. *Lucent* is inapposite, however, because it involved a materially distinguishable issue—the frequency of usage of the optional, accused date-picker feature within Microsoft Outlook. *Lucent*, 580 F.3d at 1332-33. As SVV correctly points out, however, this case involves system claims covering non-optional physical structure necessarily embodied in and used by the accused products. *See* ECF No. 192 at 4. Acer's position improperly conflates the lack of evidence concerning frequency of future usage issue of an optional feature in an accused product with the permissibility (i.e., reliability) of projecting future sales of accused products where the infringing functionality is nonoptional.

---

[1] Even if JMOL were the appropriate vehicle for challenging Dr. Farber's methodology, such a challenge would almost certainly fail. Extensive authority supports the use of projected future sales in calculating a lump sum royalty that encompasses future infringement. *See, e.g.*, *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2018 WL 3089701, at *7 (E.D. Tex. Mar. 7, 2018) ("[A] lump sum royalty includes compensation for projected future infringement . . . The lump sum may be based on developments that have occurred after the date of the hypothetical negotiation, including realistic projections of future sales."); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 324 F. Supp. 3d 470, 490–91 (D. Del. 2018) (allowing damages expert to testify to a lump sum that includes future sales projections); *Via Vadis, LLC v. Blizzard Entm't, Inc.*, No. 1:14-cv-00810-LY, 2021 WL 5908599, at *4 (W.D. Tex. Dec. 14, 2021) (same, and also rejecting the argument that the lump sum projections must be calculated using sales projections contemporaneous to the hypothetical negotiation); *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203-JRG-RSP, 2024 WL 326563, at *3 (E.D. Tex. Jan. 27, 2024) ("Lump sum royalties, however, can include projected future sales.").

*Lucent* is also distinguishable because it *"*was not an instance in which the jury chose a damages award somewhere between maximum and minimum lump-sum amounts advocated by the opposing parties." *Id*. at 1332. In *Lucent*, the plaintiff's damages expert "argued for damages based solely on a running royalty rate." *Id*. at 1326. Here, however, the jury's $10,306,900 damages award fell within the range of lump sum royalty amounts advocated by Acer and SVV— $188,000 (Dkt. 185 at 4) and $15,266,615, respectively. In other words, unlike in *Lucent*, the jury's $10,306,900 award to SVV was not untethered to the evidence presented at trial. As the Federal Circuit noted in *Lucent*, "[t]he jury is not bound to accept a rate proffered by one party's expert but rather may choose an intermediate royalty rate." *Id*. at 1332 (citing *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1378 (Fed. Cir. 2005).

After SVV pointed out in its Opposition that Acer had relied solely on *Lucent* (ECF No. 192 at 3), Acer's Reply argued that *Ericsson Inc. v. TCL Commc'n*, No. 2:15-cv-11-RSP, 2018 WL 3089701 (E.D. Tex. Mar. 7, 2018) supports its position. ECF No. 197 at 2. But Acer's discussion of *Ericsson* omits the dispositive fact in that case. The *Ericsson* court ordered a new trial on damages because the plaintiff's damages expert improperly included projected future sales of unaccused products in his damages figure. *Id*. at *6-*7. As the *Ericsson* court noted, a reasonable royalty "may be a lump sum, which compensates the patent holder for both past and anticipated future infringement all at once, usually for the remainder of the patent term." *Id*. at *7. "The lump sum may be based on developments that have occurred after the date of the hypothetical negotiation, including realistic projections of future sales, but the lump sum must be based on a product accused in the lawsuit and found by the jury to infringe." *Id*. (citation omitted). Acer does not contend that SVV's damages expert included unaccused products in his calculations; *Ericsson* is, therefore, inapposite.

Finally, Acer submitted a Notice of Supplemental Authority contending that the Federal Circuit's decision in *EcoFactor, Inc. v. Google LLC*, 137 F.4th 1333 (Fed. Cir. 2025), bears on this issue. *See* ECF No. 207. *EcoFactor* related to expert witness contract interpretation, expert witness industry experience, and fact witness testimony marshalled in support of a per unit royalty rate presented at trial. *EcoFactor, Inc.*, 137 F.4th at 1340-47. The Federal Circuit's decision in *EcoFactor* was based on a highly-specific pattern inapplicable here.

For the foregoing reasons, the Court agrees with SVV that the jury's damages verdict is supported by substantial evidence. The Court therefore **DENIES** Acer's damages JMOL. To the extent Acer's damages JMOL can be construed to include a request for new trial or remittitur (*see* ECF No. 185 at 5), the Court also **DENIES** that relief.[2] Acer's request is incorrectly premised on the minimum and maximum lump sum royalty amounts presented at trial being $188,000 and $767,000. *See id*. As discussed above, without any objection by Acer, SVV's damages expert presented at trial a maximum lump sum royalty amount greater than the jury's $10,306,900 award—$15,266,615.

### 2.    Substantial Evidence Supports the Jury's Willfulness Finding

The jury unanimously found that Acer willfully infringed the Asserted Patents. ECF No. 158 at 7. A jury's willfulness finding is a question of fact reviewed for substantial evidence post-trial. *Polara Eng'g Inc v. Campbell Co.*, 894 F.3d 1339, 1353 (Fed. Cir. 2018). The Fifth Circuit "grants great deference to a jury's verdict and will reverse only if, when viewing the evidence in the light most favorable to the verdict, the evidence points so strongly and overwhelmingly in

---

[2] Acer's Rule 59 Motion for New Trial or Remittitur (ECF No. 186) is addressed separately, *infra*.

favor of one party that the court believes that reasonable jurors could not arrive at any contrary conclusion." *Dresser–Rand Co. v. Virtual Automation, Inc.*, 361 F.3d 831, 838 (5th Cir. 2004).

Acer contends that SVV did not provide any evidence at trial that Acer "had a specific intent to infringe at the time of the challenged conduct," and therefore did not willfully infringe. ECF No. 185 at 6. Acer admits that SVV sent a one-page letter to Acer America Corporation ("Acer America") on January 22, 2021 providing notice of the Asserted Patents and two exemplary Acer monitors. *Id.*; Ex. 3 (ECF No. 185-3), admitted as JTX-001; ECF No. 162, 6/4/24 Trial Tr., 452:15-453:17, 480:2-483:1. Acer notes that the notice letter did not include claim charts and identified only three claims, including two from the asserted '397 Patent but not asserted at trial. Acer responded to SVV's letter within a day of receipt and asked for claim charts, but SVV did not respond before filing suit 18 months later. ECF No. 185 at 6-7; Ex. 4 (ECF No. 185-4), admitted as JTX-002; ECF No. 162, 6/4/24 Trial Tr., 482:5-483:1. SVV responds that its founder and inventor of the Asserted Patents, Dr. Vasylyev, did not provide claim charts before filing suit because he was concerned that Acer might preemptively file a declaratory judgment action against SVV. ECF No. 192 at 8; ECF No. 161, 6/3/24 Trial Tr., 157:12–158:7. Acer's corporate representative from Acer's legal department, Kate Shang, testified that Acer had filed a declaratory judgment action against a "smaller company [that] gave claim charts to Acer." ECF No. 162, 6/4/24 Trial Tr., 464:13–21.

After receiving Acer's request for infringement claim charts, SVV began obtaining Acer monitors and taking them apart to investigate whether they contained infringing components. ECF No. 192 at 8. Dr. Vasylyev testified that SVV tore down approximately fifty Acer monitors and provided over one hundred claim charts to Acer after the litigation commenced. ECF No. 161, 6/3/24 Trial Tr., 105:21-107:5. He provided extensive testimony about the process of analyzing

one Acer monitor, model XB323U, to determine infringement and document the analysis. *Id*. at 107:15-114:2; PTX-319. The jury further heard Dr. Vasylyev testify that SVV performed the same type of analysis on other Acer monitors and provided Acer with detailed claim charts, fifty of which were admitted. ECF No. 161, 6/3/24 Trial Tr., 114:16-115:9; PTX-285 through PTX-335.

Acer asserts "[t]here is no evidence Acer *knew* it infringed or had a specific intent to infringe before SVV provided more details in its Complaint." ECF No. 185 at 7. Acer did not introduce evidence at trial that it did anything over the next 18 months to investigate the allegations of infringement raised in SVV's letter to determine whether any of the identified patents were either infringed or invalid. Yet, Acer asserts that "[a]fter Acer received SVV's infringement allegations by way of its Complaint, Acer investigated and formed a good-faith belief that it did not infringe and that the patents were invalid," citing its *pro forma* denials of the Complaint's infringement allegations in its Answer three months later. *Id*. None of Acer's witnesses testified about any such investigation between filing of the Complaint and its Answer. SVV contends that "Acer received those charts and did nothing." ECF No. 192 at 8. For example, Ms. Shang, who was responsible for Acer's patent litigation, admitted that Acer could have investigated the accused monitors by tearing them down and reviewing design files. ECF No. 162, 6/4/24 Trial Tr., 468:1-9. But Ms. Shang testified that Acer did not make any changes or design-arounds either after (1) receiving notice of patent infringement from SVV or (2) receipt of SVV's claim charts. *Id*.; ECF No. 162, 6/4/24 Trial Tr., 468:10-470:9. Marc Ho, Acer's Director of Product for monitors, testified that Acer did not investigate non-infringing alternatives to the accused Acer monitors. ECF No. 162, 6/4/24 Trial Tr., at 327:14-328:13. Thus, the evidence showed that rather than mitigate its alleged infringement, Acer continued to sell the infringing products for years.

10

Acer correctly states that "[t]o establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 956 (Fed. Cir. 2024). In *Provisur*, the Federal Circuit found there was "no evidence [the accused infringer] knew of its alleged infringement." *Id*. SVV responds that "[t]he totality of the circumstances point to Acer infringing deliberately and intentionally." ECF No. 192 at 6. Specifically, SVV argues that Acer was "willfully blind" to its infringement, evidenced by its lack of investigation into the alleged infringement, especially after receiving approximately 100 detailed claim charts from SVV after the Complaint was filed. *Id*. at 8-9. A "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Glob.-Tech Appliances v. SEB S.A.*, 563 U.S. 754, 769-70 (2011).

The jury was entitled to conclude Acer was more than adequately informed of its alleged infringement of the Asserted Patents by the detailed claim charts provided after the Complaint was filed. The sufficiency of the jury's verdict of willfulness therefore turns on whether there was substantial evidence of Acer's specific intent to infringe the Asserted Patents. At bottom, the jury weighed SVV's evidence of willfulness against the conclusory testimony of Ms. Shang, Acer's corporate representative, that Acer's legal team "did do [an] investigation regarding your patents." ECF No. 162, 6/4/24 Trial Tr., 469:17-21. However, the jury necessarily weighed the credibility of her testimony that Acer investigated the Asserted Patents juxtaposed with Ms. Shang's conflicting testimony that Acer *had not yet made a final determination whether* the accused products infringed. *Id*. at 469:3-10. Although Acer did not have the burden of proving non-infringement at trial, Acer did not call any technical fact witnesses of its own or from its display

11

panel manufacturers. *Id*. at 461:23-462:1. The jury was entitled to weigh the competing evidence presented at trial to reach its verdict that Acer's infringement was willful.

The Court agrees with SVV that the jury's willfulness verdict is supported by substantial evidence based on the competing evidence and inconsistent testimony from Acer's fact witnesses. JMOL is inappropriate if the record evidence is such that reasonable and fair-minded people in the exercise of impartial judgment might reach different conclusions. *Laxton*, 333 F.3d at 579. The Court therefore **DENIES** Acer's willfulness JMOL.

### 3.    Substantial Evidence Supports the Jury's Infringement Findings

Acer advances three grounds for judgment as a matter of law that the jury's verdict that all four Asserted Patents were infringed was not supported by substantial evidence that Acer: (1) directly infringed by its own actions; (2) was vicariously liable for Acer America's direct infringement; and (3) induced direct infringement by Acer America. ECF No. 185 at 8-9. Acer states "[a]t trial, the technical aspects of infringement (i.e., whether the accused products satisfied all limitations) were a primary focus of the presentation to the jury. This motion does not challenge the sufficiency of that evidence or whether that evidence supports the jury's verdict. Rather, this motion addresses the nontechnical, statutory aspects of infringement." *Id*. at 8. SVV contends that Acer waived moving for JMOL under Rule 50(b) on the first (direct infringement) and third (active inducement) bases because it did not move for JMOL under Rule 50(a) on these grounds. ECF No. 192 at 12, 20.

The jury unanimously issued a general verdict that Acer infringed all asserted claims of the Asserted Patents. ECF No. 158 at 4. The Federal Circuit has held that it "will not set aside a general verdict "simply because the jury *might* have decided on a ground that was supported by insufficient evidence." We will uphold such a verdict if there was sufficient evidence to support *any* of the

plaintiff's alternative factual theories; we assume the jury considered all the evidence and relied upon a factual theory for which the burden of proof was satisfied." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 849 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) (citations omitted, emphasis in original). Thus, the Court considers each ground for JMOL below to determine if any of the three challenged theories of infringement is supported by substantial evidence.

> **a.      Substantial Evidence Supports the Jury's Verdict that Acer Directly Infringed**

As a preliminary matter, the Court addresses SVV's argument that by not moving for JMOL of no direct infringement by Acer under Rule 50(a), Acer waived raising it for the first time under Rule 50(b). ECF No. 192 at 12. SVV contends that Acer's Rule 50(a) motion included a ground for "statutory infringement" that "challenged SVV's showing of 'evidence to pierce the corporate veil between Acer Inc. and AAC, along with the required showing of fraud.'" *Id*., citing ECF No. 162, 6/4/24 Trial Tr., 499:3-8; ECF No. 164, 6/6/24 Trial Tr., 898:9-21. Acer responds that its terse statement "no infringement -- no statutory liability for Acer Inc." in the continued Rule 50(a) argument "covered each of SVV's infringement theories as to Acer, Inc., including direct infringement, vicarious liability, and indirect infringement." ECF No. 197 at 9, citing ECF No. 164, 6/6/24 Trial Tr., 898:9-17. In Acer's initial oral Rule 50(a) motion, however, Acer's reference to "statutory infringement" was cabined to whether "Plaintiffs [*sic*] have not sufficiently shown evidence to pierce the corporate veil between Acer Inc. and AAC, along with the required showing of fraud that is necessary under cases such as Doe versus Unocal, and Massimo versus Subterra." ECF No. 162, 6/4/24 Trial Tr., 499:4-7. The Court therefore agrees with SVV that Acer's Rule 50(a) motion did not challenge the sufficiency of "the evidence SVV adduced proving Acer offered the Accused Products for sale on its website."

"It is well-settled in this circuit that a motion for judgment as a matter of law filed post verdict cannot assert a ground that was not included in the motion for judgment as a matter of law made at the close of the evidence." *Morante v. Am. Gen. Fin. Ctr.*, 157 F.3d 1006, 1010 (5th Cir. 1998). Accordingly, the Court finds that Acer waived moving for JMOL under Rule 50(b) that Acer did not directly infringe by its own acts.

Setting aside Acer's waiver, the Court concludes that substantial evidence supports the jury's general verdict to the extent it included a finding that Acer directly infringed by offering for sale the accused products into the United States through its web site. SVV accused Acer of infringing, *inter alia*, under 35 U.S.C. § 271(a) "by importing, selling, and offering for sale the Asserted Patents in the United States." ECF No. 112 (Joint Pretrial Order) at 7. The Court summarized SVV's infringement allegations in the jury charge as follows:

> The Plaintiff filed suit in this court seeking money damages from the Defendant for allegedly infringing asserted patents by selling and/or offering for sale within the United States and importing in the United States products that the Plaintiff argues are covered by Claims 9 and 14 of the '397 patent, Claim 16 of the '135 patent, Claim 10 of the '191 patent, and Claim 17 of the '205 patent, or inducing others to do so.

ECF No. 164, 6/6/24 Trial Tr., 914:4-11. Acer argues that the jury could not have found that it made, used, sold, or imported the accused products into the United States because only Acer America sells and imports the accused products into this country. ECF No. 185 at 9-10. Acer challenges the sufficiency of the evidence adduced at trial that Acer offers for sale the accused products in the United States through its web site. *Id*. at 10. SVV responds that "there is ample record support for Acer's commission of direct infringement." ECF No. 192 at 12. The evidence includes testimony from SVV's technical expert, Mr. Credelle, regarding a demonstrative of Acer's web site "that shows that these products are indeed offered for sale in the United States with pricing and availability and can be purchased by anybody." *Id*. at 13, quoting ECF No. 161,

14

6/3/24 Trial Tr., 261:18-262:4. SVV also cites the testimony of Ms. Shang, Acer's corporate representative, who "admitted that Acer offers monitor products for sale in the United States via Acer's website." ECF No. 192 at 12, citing ECF No. 162, 6/4/24 Trial Tr., 462:17-19, 462:21-463:3.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (citation omitted). JMOL must be denied if a jury's verdict is supported by legally sufficient evidence that amounts to more than a mere scintilla. *Laxton*, 333 F.3d at 585. In any event, the Federal Circuit "will not set aside a general verdict "simply because the jury *might* have decided on a ground that was supported by insufficient evidence." *i4i Ltd.*, 598 F.3d at 849 (emphasis in original). Therefore, the Court finds that even if Acer had not waived this ground of judgment as a matter of law, the jury's implied finding that Acer directly infringed by offering for sale the accused products in the United States is supported by substantial evidence. Therefore, the Court **DENIES** Acer's JMOL of no direct infringement by Acer.

**b.      Substantial Evidence Supports the Jury's Verdict that Acer is Vicariously Liable for Infringement**

Acer challenges the sufficiency of the jury's general verdict of infringement for the implied finding that Acer was vicariously liable for the direct infringement of its wholly-owned subsidiary, Acer America. ECF No. 185 at 10-16. Acer asserts "SVV may contend that the jury found Acer vicariously liable for the acts of its subsidiary, Acer America. SVV alleged that Acer America directly infringes because it imports the accused products into the United States and sells them in the United States." *Id.* at 10.

As a preliminary matter, SVV asserts that several issues in Acer's motion for JMOL of no vicarious liability under Rule 50(b) are waived because they were not specifically argued in its

15

oral Rule 50(a) motion. ECF No. 192 at 13-14. At the close of Plaintiff's case, Acer's Rule 50(a) motion included a ground for "statutory infringement" that "challenged SVV's showing of 'evidence to pierce the corporate veil between Acer Inc. and AAC, along with the required showing of fraud.'" *Id*., citing ECF No. 162, 6/4/24 Trial Tr., 499:3-8; ECF No. 164, 6/6/24 Trial Tr., 898:9-21. Acer responds that its terse statement "no infringement -- no statutory liability for Acer Inc." in the continued Rule 50(a) argument "covered each of SVV's infringement theories as to Acer, Inc., including direct infringement, vicarious liability, and indirect infringement." ECF No. 197 at 9, citing ECF No. 164, 6/6/24 Trial Tr., 898:9-17. In Acer's initial oral Rule 50(a) motion, however, Acer's reference to "statutory infringement" was cabined to whether "Plaintiffs [*sic*] have not sufficiently shown evidence to pierce the corporate veil between Acer Inc. and AAC, along with the required showing of fraud that is necessary under cases such as Doe versus Unocal, and Massimo versus Subterra." ECF No. 162, 6/4/24 Trial Tr., 499:4-7. SVV argues that Acer's Rule 50(a) motion did not challenge the propriety and sufficiency of other theories of vicarious liability, including (1) inapplicability of "the direction and control standard" to vicarious liability here; (2) whether the Supply Agreement between Acer and Acer America obligates Acer America to sell and import the accused products; and (3) whether Acer America acted as Acer's agent to sell, offer for sale, or import the accused products into the United States. ECF No. 192 at 13-14. SVV's waiver argument is bolstered by the fact that Acer's sole objection to the jury charge related to its position that piercing the corporate veil requires a separate showing of fraud. ECF No. 164, 6/6/24 Trial Tr., 900:11-21. While the Court agrees with SVV that these issues presented in Acer's Rule 50(b) motion of no vicarious liability were not explicitly raised in Acer's Rule 50(a) motion, based on the Court's analysis below, the Court need not decide the waiver issue.

16

In the briefing on Acer's Rule 50(b) motion for JMOL of no vicarious liability, the parties marshal their respective evidence and legal arguments regarding various theories of vicarious liability, including direction and control, agency, and piercing the corporate veil to find that Acer America is the alter ego of Acer. *See* ECF No. 185 at 10-16; ECF No. 192 at 10-20; ECF No. 197 at 6-9. Acer's arguments are based on the premise that vicarious liability was contested at trial, but SVV argues "Acer now contests that it is liable for the actions of its wholly owned subsidiary. But at trial, Acer affirmed to the jury repeatedly that it *was taking responsibility* for the acts of Acer America Corporation ("Acer America")." ECF No. 192 at 10 (emphasis in original). The Court finds this argument compelling. SVV relies on the testimony of Ms. Shang, Acer's corporate representative from the legal department, who unequivocally accepted responsibility on behalf of Acer for the infringement of Acer America:

> Q. Ms. Shang, my question is, are you telling the jury that you don't take responsibility for the sales that Acer America makes in this country?
>
> A. No, we didn't say that.
>
> Q. Do you take responsibility for the sales that Acer America makes in this country?
>
> A. Acer Inc. is the parent company of Acer America, subsidiary. So as a parent company, it find -- ultimately, will take responsibility."

ECF No. 162, 6/4/24 Trial Tr., 436:24-437:7. As Acer's corporate representative, Ms. Shang undoubtedly had the power to bind Acer by this testimony. The jury likely understood Ms. Shang's testimony to accept liability on behalf of Acer if the jury found that the accused products directly infringed the asserted claims. As SVV notes, Ms. Shang's acceptance of liability for Acer America's infringement was bookended by Acer's closing argument, in which its counsel argued that "Acer—not Acer America—'sells hundreds and hundreds of monitors.'" ECF No. 192 at 11, quoting ECF No. 164, 6/6/24 Trial Tr., 1011:21-23. *See Montano v. Orange Cnty., Texas*, 842 F.3d

865, 882 (5th Cir. 2016) (attorney remarks in closing are "binding admissions against the party he represents"). Moreover, Acer did not say anything in its closing about Acer America except "[t]he same with Ms. Shang. She came here primarily to try to explain the difference between Acer America and Acer Inc. She answered all of our questions. I think she answered their questions fairly and honestly." ECF No. 164, 6/6/24 Trial Tr., 980:23-981:1. Acer did not argue that it was not vicariously liable in its opening or closing or disclaim liability if the jury found that the accused products directly infringed the asserted claims of the Asserted Patents. *See* ECF No. 161, 6/3/24 Trial Tr., 32:8-50:1; ECF No. 164, 6/6/24 Trial Tr., 977:8-1013:2. The Court finds that the jury, as the trier of fact, was entitled to rely on these admissions by Acer's corporate representative, Ms. Shang, and Acer's counsel in assessing whether Acer was liable for any form of infringement the jury found in its general verdict of infringement for all asserted claims of the Asserted Patents. *See* ECF No. 158 at 4. Acer cannot gainsay the effect of its admissions post-trial in the form of a Rule 50(b) motion for JMOL. Accordingly, the Court finds that the jury's implied finding that Acer is vicariously liable for the direct infringement of Acer America is supported by substantial evidence.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150. The Federal Circuit "will not set aside a general verdict "simply because the jury *might* have decided on a ground that was supported by insufficient evidence." *i4i Ltd.*, 598 F.3d at 849 (emphasis in original). The Court finds that the jury's implied finding that Acer is vicariously liable for Acer America's direct infringement is supported by substantial evidence. Therefore, the Court **DENIES** Acer's JMOL of non-infringement relating to vicarious liability for Acer America's infringement.

### c.    Substantial Evidence Supports the Jury's Verdict of Indirect Infringement

Acer challenges the sufficiency of the jury's general verdict to the extent it included an implied finding that Acer indirectly infringed by actively inducing Acer America to directly infringe. ECF No. 185 at 16-17. SVV contends that Acer waived moving for JMOL under Rule 50(b) on this ground because it did not move for JMOL under Rule 50(a) at the close of evidence. ECF No. 192 at 20. As a preliminary matter, the Court concludes for the same reasons given *supra* that Acer waived moving for JMOL under Rule 50(b) that Acer did not actively induce direct infringement by Acer America.

Putting aside Acer's waiver of this ground of JMOL, the Court concludes that substantial evidence supports the jury's general verdict to the extent it included a finding that Acer induced infringement by Acer America. Acer argues "[t]o prove induced infringement under 35 U.S.C. § 271(b), SVV must show that Acer possessed specific intent to encourage another's infringement. ECF No. 185 at 16. "In some respects, the intent standard for inducement is akin to the one for willfulness, as both rest on the subjective intent of the accused infringer." *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1119 (Fed. Cir. 2022). Acer's JMOL on this ground closely tracks its JMOL of no willfulness. *Compare* ECF No. 185 at 6-8 *with* 16-17. For the same reasons the Court denied Acer's JMOL of no willful infringement, the Court finds that substantial evidence supports the jury's implied finding that Acer had the specific intent to encourage Acer America's direct infringement of the asserted claims, under the theory of willful blindness.

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at 150. The Federal Circuit "will not set aside a general verdict "simply because the jury *might* have decided

on a ground that was supported by insufficient evidence." *i4i Ltd.*, 598 F.3d at 849 (emphasis in original). The Court finds that the jury's verdict that Acer actively induced Acer America's direct infringement is supported by substantial evidence. Therefore, the Court **DENIES** Acer's JMOL of non-infringement regarding active inducement.

### 4.    Substantial Evidence Supports the Jury's Verdict

Having considered and rejected Acer's three grounds for JMOL discussed *supra*, the Court **DENIES** Acer's Renewed Motion for Judgment as a Matter of Law (ECF No. 185) in its entirety.

### III.    RULE 59 MOTION FOR A NEW TRIAL OR REMITTITUR

### A.    Legal Standard

A new trial under Rule 59 may be granted on any reason for which a new trial had been granted at the time the Federal Rules were enacted. Fed. R. Civ. P. 59(a). The burden is on the moving party to show a new trial is warranted. *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). For example, a new trial can be granted if the trial was "unfair or prejudicial error was committed." *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991) (quoting *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985)). "A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand." *Foradori v. Harris*, 523 F.3d 477, 506 (5th Cir. 2008). A jury verdict will not be set aside, based on erroneous jury instruction unless the movant can show the "instructions were legally erroneous," and that "the errors had prejudicial effect." *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004). Even when there is an error in a jury instruction, such error does not justify a new trial if the error could not have changed the result." *Environ Prods., Inc. v. Furon Co.,* 215 F.3d 1261, 1266-67 (Fed. Cir. 2000).

When a new trial is sought on evidentiary grounds it is the movant's burden to show there was "an absolute absence of evidence to support the jury's verdict." *Vetter v. McAtee*, 850 F.3d 178, 184 (5th Cir. 2017). The Court has discretion to grant a new trial "based on its appraisal of the fairness of the trial and the reliability of the jury's verdict." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985). "A new trial will not be granted based on trial error unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand." *Foradori v. Harris*, 523 F.3d 477, 506 (5th Cir. 2008). A remittitur is also appropriate if the "defects in the award are readily identifiable and measurable." *Wanton v. Wal-Mart Stores Texas, L.L.C.*, 23 F.4th 422, 431 (5th Cir. 2022) (citation omitted).

### B.    Discussion

Acer moves for a new trial on damages, validity, willfulness, and infringement. *See* ECF No. 186 at 1. First, Acer requests a new trial because "[t]he jury's damages award depends upon legally unsupported theories, invoking entire market value principles without establishing the patented invention drives demand for the monitor product. The award is also unsupported by the great weight of the evidence at trial, awarding a lump sum of $10 million based upon a flawed per-unit running royalty analysis." *Id*. Second, Acer requests a new trial because "the jury heard no evidence showing that the asserted claims are valid." *Id*. Third, Acer requests a new trial because "the great weight of the evidence does not establish that: (i) Acer directly infringed based upon its own activities, for Acer does not make, use, sell, offer for sale, or import the accused products; (ii) Acer is vicariously liable for the actions of Acer America (Acer's subsidiary), since Acer does not direct or control Acer America, nor is Acer America the agent or alter ego of Acer; (iii) Acer indirectly infringed, as it lacked specific intent to encourage another's infringement; and (iv) Acer

21

willfully infringed, again because it lacked any specific intent." *Id*. As explained below, the Court finds that none of these alleged errors warrants granting Acer a new trial.

### 1.   Neither A New Trial Nor Remittitur on Damages Is Warranted

The Court finds that the jury's damages award is supported by the great weight of the evidence such that a new trial or remittitur is not warranted. First, Acer argues that a new trial is warranted because SVV's damages expert, Dr. Farber, used an input in his regression analysis that, according to Acer, establishes that Dr. Farber improperly utilized the Entire Market Value Rule in rendering his damages opinion. ECF No. 186 at 2-4. Acer does not challenge the use of regression analysis *per se*. Rather, Acer asserts that the Dr. Farber's use of the cost of the accused product in his regression analysis demonstrates that Dr. Farber utilized the Entire Market Value Rule in rendering his damages opinion. *Id*. at 3. As a result, Acer contends that Dr. Farber was obligated, but failed, to show that the patented invention drove customer demand for the entire accused product. *Id*. at 4.

SVV does not dispute whether Dr. Farber showed that the patented invention drove customer demand for the entire accused product. Instead, SVV argues that Dr. Farber's analysis does not implicate the Entire Market Value Rule. ECF No. 193 at 2-3. SVV contends that, rather than apply a royalty rate to a royalty base of revenues attributable to the accused product, Dr. Farber's analysis establishes the incremental, per-unit cost savings (i.e., profit) attributable to the patented invention, which Dr. Farber then further apportioned by contribution to determine how the parties would split the incremental profit attributable to the patented invention. *Id*. at 2.

The Court agrees with SVV. It is unsurprising and necessary that the cost of the accused monitor products would be an input relevant to determining what portion of cost savings is attributable to the patented invention. Acer does not challenge Dr. Farber's use of regression

analysis generally to determine the incremental cost benefit of the patented invention, and Acer cites no authority establishing that such a use of regression analysis is improper. Rather than apply a royalty rate to the revenues or profits attributable to the entirety of the accused monitor products, Dr. Farber used regression analysis to isolate the incremental monetary benefit conferred by the patented invention. *See* ECF No. 162, 6/4/24 Trial Tr., 362:6-373:25. If Dr. Farber's damages opinion were predicated on the Entire Market Value Rule, no such effort would have been made, and Dr. Farber's damages opinion would have been based on the entirety of the revenues or profits attributable to the accused monitor products.  Instead, Dr. Farber's regression analysis accounted for a host of variables affecting the cost of the accused monitor products that could not be attributable to the patented invention to isolate and exclude those variables in determining the incremental benefit conferred by the patent invention. *Id*. at 363:14-364:12. In other words, the necessary relevance of the total cost of the accused monitor products to the ultimate issue of determining the portion of the cost or cost savings attributable to the patented invention does not mean the Entire Market Value Rule is implicated. Thus, the Court **DENIES** this ground for a new trial.

Second, Acer argues that the jury's award is against the great weight of the evidence because it exceeded $767,000, the highest lump sum damages amount that Acer's damages expert calculated. ECF No. 186 at 4-7. As with its JMOL argument on essentially the same issue, Acer asserts that the jury's $10,306,900 lump sum damages award was improper because SVV presented only a running royalty damages theory. *Id* at 5. Also as with its JMOL argument, Acer relies on the *Lucent*, *Ericsson*, and *EcoFactor* cases discussed, and distinguished, *supra* in Section II(B)(1).

Based on the facts and reasoning set forth in Section II(B)(1), the Court does not agree that SVV did not present a lump sum damages theory that encompasses the jury's lump sum damages award. Without objection, SVV's damages expert presented and explained a lump sum royalty figure of $15,266,615 to the jury. ECF No. 162, 6/4/24 Trial Tr., 395:6-14. Also based on the facts and reasoning set forth in Section II(B)(1), the Court does not agree that *Lucent*, *Ericsson*, or *EcoFactor* warrants either a new trial or remittitur. Thus, the Court **DENIES** this ground for a new trial or remittitur.

### 2.      A New Trial on Invalidity Is Not Warranted

Acer contends it "presented unrebutted expert testimony that claim 16 of the '135 patent, claims 9 and 14 of the '397 patent, claim 10 of the '191 patent, and claim 17 of the '205 patent are invalid." ECF No. 186 at 7. The jury unanimously found that Acer did not prove by clear and convincing evidence that any of these asserted claims were invalid, which Acer argues "was against the great weight of the evidence." *Id.*; ECF No. 158 at 6. Acer characterizes *LG Elecs., U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 561 (D. Del. 2011) as "finding the jury's verdict of nonobviousness 'goes against the great weight of the evidence' when defendant presented unrebutted evidence that claims would have been obvious." *Id*. That case does not stand for such an expansive rule, however. There the district court ordered a new trial because the plaintiff did not adduce evidence controverting obviousness of a single limitation in one asserted claim. *See LG Elecs.*, 798 F. Supp. 2d at 561. Therefore, the case does not support Acer's apparent view that a new trial is mandated when the jury does not find for a party presenting supposedly "unrebutted evidence" on an issue. SVV cites *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1363-64 (Fed. Cir. 2018) for the proposition that "invalidity not 'unrebutted' when subject to cross-examination and the jury is 'entitled to evaluate' expert 'testimony and determine

24

whether [Acer] clearly and convincingly established' invalidity." ECF No. 193 at 6. As the party opposing Acer's claim that the asserted claims were invalid, SVV did not have the burden to prove that its claims were valid, because its claims are presumed valid by statute. *See* 35 U.S.C. § 282(a).

Acer first argues for a new trial based on SVV's decision not to present a rebuttal case on validity because Dr. Coleman's "meaningful analysis was left unrebutted. SVV did not present any rebuttal case on invalidity." ECF No. 186 at 7. As discussed above, it is inaccurate to describe Acer's invalidity testimony as "unrebutted" given SVV's cross-examination of Acer's technical expert, Dr. Coleman. Acer then contends that "SVV did not purport to cross examine Dr. Coleman regarding invalidity of the '205 and the '397 patents." *Id*. at 10. SVV responds that its cross-examination of Dr. Coleman revealed "the Kunimochi 2 ('K2') reference, used in *every* invalidity ground presented by Acer at trial, does not disclose the lenses required by asserted claims from every patent." ECF No. 193 at 6-7; ECF No. 163, 6/5/24 Trial Tr., 791:5-23. SVV identifies other contested validity issues, including that "Acer failed to show that any prior art disclosed the claimed 'optical windows' of the '397 Patent" and that "Acer failed to show that K2 anticipates Claim 16 of the '135 Patent by failing to demonstrate that K2 discloses each and every claim element." ECF No. 193 at 8-9. Thus, Acer's characterization of Dr. Coleman's opinion testimony on invalidity as "unrebutted" is not well-founded.

Next, Acer complains that "the limited cross examination SVV did conduct as to the '135 and the '191 patents served only to confuse and misdirect the jury." *Id*. at 7-8. While Acer protests that "[i]nstead of rebutting the substance, SVV asked questions that were not correct under the law and tried to confuse the jury," Acer did not object to this cross-examination. *Id*. at 8, citing ECF No. 163, 6/5/24 Trial Tr., 790-799. Acer further asserts that the cross-examination of Dr. Coleman with respect to the '191 Patent "only confused and misled the jury by suggesting an improper legal

25

standard." ECF No. 186 at 9, citing ECF No. 163, 6/5/24 Trial Tr., 799-805. Again, Acer did not object to the cross-examination. Although Acer does not directly contend that SVV's cross-examination was so prejudicial that a new trial is warranted, its repeated claims that SVV's cross-examination of Dr. Coleman "misled," "misdirected," and "confused" the jury suggests otherwise. Acer's failure to seek relief during trial dooms its request for the Court to grant a new trial on this basis. *Caldarera v. E. Airlines, Inc.,* 705 F.2d 778, 782 (5th Cir. 1983) (despite a contemporaneous objection, failure to move for mistrial was "significant" because litigant "got a chance to see the verdict and then to seek to overturn it"). But Acer did not even object. Acer could have sought a curative instruction but did not. Acer could have moved for a mistrial but did not. And Acer elicited testimony from Dr. Coleman on redirect relating to these issues. ECF No. 193 at 9 n.4; ECF No. 163, 6/5/24 Trial Tr., 811:21-813:9, 817:14-25. Therefore, Acer's post-trial complaints about the cross-examination of its expert do not justify a new trial.

SVV correctly observes that "[t]he trier of fact, however, is not bound by expert testimony and is entitled to weigh the credibility of all witnesses, expert or lay." *Caboni v. General Motors Corp.*, 398 F.3d 357, 361 (5th Cir. 2005) (citation omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 874 (5th Cir. 2013). Here, the jury's verdict shows that it did not find that Dr. Coleman did not prove that the asserted claims were invalid by clear and convincing evidence. ECF No. 158 at 6. Despite Acer's multiple claims that Dr. Coleman's testimony on invalidity was unrebutted, the record demonstrates that SVV vigorously contested validity through cross-examination. Accordingly, as the movant Acer has not shown that the jury verdict is against the great weight of the evidence. *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1225 (Fed. Cir. 2014) ("The Fifth Circuit

26

reviews the denial of a new trial motion for abuse of discretion, reversing only if there is an 'an absolute absence of evidence to support the jury's verdict.'") (citing *Duff v. Werner Enters., Inc.*, 489 F.3d 727, 729 (5th Cir. 2007).

Because the Court finds that the jury's verdict that Acer did not prove by clear and convincing evidence that the asserted claims are invalid is not against the great weight of the evidence, the Court **DENIES** the motion for new trial on invalidity.

### 3.    A New Trial on Willfulness Is Not Warranted

Acer's request for a new trial on willfulness reprises its request for JMOL of no willfulness. *Compare* ECF No. 185 at 6-8 *with* ECF No. 192 at 10-12. As with its JMOL arguments, Acer treats pre-suit and post-suit willfulness separately, arguing the "absence of any evidence showing that Acer had the requisite 'specific intent to infringe' in either timeframe. ECF No. 192 at 10. Acer contends that a new trial is warranted because the jury's verdict of willfulness is against the great weight of the evidence. *Id*. The Court will not repeat its analysis of the parties' JMOL arguments regarding willfulness here.

"[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." *Glob.-Tech Appliances v. SEB S.A.*, 563 U.S. 754, 769-70 (2011). SVV argues the evidence showed that Acer was willfully blind to its infringement starting with the notice letter it sent to Acer on January 22, 2021. ECF No. 193 at 11-12. This conclusion is supported by the facts. While the parties contest the sufficiency of the notice letter (JTX-001), it is undisputed that Acer did nothing in response except to request claim charts from SVV (JTX-002) until it was sued. Once SVV filed suit against Acer, the *only* evidence Acer identifies that it "investigated and formed a good faith belief that it did not infringe" are its blanket denials of infringement and recitation of

27

boilerplate defenses in its Answer (ECF No. 9). ECF No. 186 at 11. Acer then asserts that "[a]s part of that analysis, Acer's legal team determined it did not need to redesign its products." *Id*. But the jury likely found that the testimony cited for this proposition actually showed Acer's willful blindness. Ms. Shang testified that Acer did nothing to stop infringing in the three and half years since receiving SVV's notice letter "[b]ecause whether it's for infringe or not, it's not the final." ECF No. 162, 6/4/24 Trial Tr., 469:3-10. In other words, Acer was waiting to see if the jury would find that Acer infringed. Acer also claims it "vigorously defended this lawsuit, hiring experts and submitting defenses strong enough to reach the jury" as evidence of its good faith belief in its defenses. But this too is commonplace in nearly every patent case. At trial Acer did not adduce any evidence of actual reliance on its litigation defenses to show that its infringement was not willful. *See KAIST IP US LLC v. Samsung Elecs. Co.*, 439 F. Supp. 3d 860, 885 (E.D. Tex. 2020) ("While Samsung asserted at trial reasons that it felt it did not infringe, the Court does not find any specific evidence of any investigation undertaken by Samsung which would have reasonably allowed it to arrive at this belief. . . . Accordingly, the Court does not find that Samsung 'investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed.'"). As SVV notes, Ms. Shang's testimony highlighted Acer's divergence from its trial counsel's themes that the Asserted Patents related to "solar" and therefore not to computer monitors. *Compare* ECF No. 164, 6/6/24 Trial Tr., 984:21-985:10 *with* ECF No. 162, 6/4/24 Trial Tr., 476:2-7. Finally, Acer moved orally under Rule 50(a) for JMOL of non-infringement on the merits, but expressly abandoned these technical grounds of non-infringement in its Rule 50(b) motion. ECF No. 162, 6/4/24 Trial Tr., 497:15-498:15; ECF No. 164, 6/6/24 Trial Tr., 898:9-16. This abandonment undercuts Acer's professed reliance on its non-infringement defenses throughout the case.

Because the Court finds that the jury's verdict that Acer willfully infringed is not against the great weight of the evidence, the Court **DENIES** the motion for new trial on willfulness.

### 4.     A New Trial on Infringement Is Not Warranted

As discussed *supra*, the jury issued a unanimous general verdict that Acer infringed the asserted claims of the Asserted Patents. *See* ECF No. 158 at 4. Acer notes that the jury "was instructed on three theories: (1) direct infringement based upon Acer's own actions; (2) Acer's vicarious liability for the actions of Acer America; and (3) indirect infringement." ECF No. 186 at 12. Acer contends that "[r]egardless of which theory the jury embraced to find Acer liable for infringement, that theory is unsupported by the great weight of the evidence adduced at trial. Moreover, as to vicarious liability, the Court failed to properly instruct the jury about piercing the corporate veil, and that error also requires a new trial." *Id*.

"Under the general verdict rule, where one or more of multiple claims is found legally invalid, a reviewing court must reverse and order a new trial if unable to determine whether the invalid theory tainted the verdict. That rule has also been held to apply in cases where the jury received multiple legal theories of liability." *SEB S.A. v. Montgomery Ward & Co.*, 594 F.3d 1360, 1374 (Fed. Cir. 2010), *aff'd sub nom. Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) (citation omitted). Thus, the Court considers each ground for new trial below to determine if any of the three challenged theories of infringement is against the great weight of the evidence and legally invalid.

### a.     A Jury Finding that Acer Directly Infringed Is Not Against the Great Weight of the Evidence

Acer contends that "[t]here is no evidence to support a jury's finding of direct infringement based upon Acer's own actions. For a finding of direct infringement, SVV would have had to demonstrate that Acer made, used, sold, offered for sale, or imported in the United States a patented

invention." ECF No. 186 at 12. The remainder of Acer's request for new trial on Acer's direct infringement (*id*. at 12-13) repeats the same arguments in its JMOL on the same ground (ECF No. 185 at 9-10), which the Court found waived and denied because the Court found that substantial evidence supported this implied finding subsumed in the jury's general verdict of infringement. Acer does not argue that SVV's theory of direct infringement by Acer is legally invalid, so the Court's analysis focuses on the sufficiency of the jury's implied finding that Acer directly infringed. For the same reasons that the Court would have denied Acer's JMOL on this same ground if not waived because it found that the jury's general verdict was supported by substantial evidence, the Court finds that the jury's implied verdict that Acer directly infringed is not against the great weight of the evidence.

Because the Court finds that the jury's implied verdict that Acer directly infringed is not against the great weight of the evidence, the Court **DENIES** the motion for new trial on infringement on this ground.

> b.    **A Jury Finding that Acer Is Vicariously Liable for Acer America's Direct Infringement Is Not Against the Great Weight of the Evidence**

Acer argues that "SVV contends Acer should nevertheless be responsible for any direct infringement of Acer America (Acer's subsidiary) under a vicarious liability theory. SVV has presented three theories—(i) direction and control; (ii) agent; and (iii) alter ego. No evidence from trial supports finding Acer vicariously liable under any theory. And, as such, any liability finding premised on vicarious liability is against the great weight of the evidence." ECF No. 186 at 13.

The remainder of Acer's request for new trial on vicarious liability (*id*. at 13-17) repeats the same arguments in its motion for JMOL under Rule 50(b) on the same ground (ECF No. 185 at 10-16), which the Court denied because the Court found that substantial evidence supported this implied finding subsumed in the jury's general verdict of infringement.

In addition to asserting that the jury's infringement verdict is against the great weight of the evidence, Acer contends "[t]he Court's improper jury instruction about piercing the corporate veil requires a new trial on liability." ECF No. 186 at 15. Acer argues that "[b]ecause the jury instructions failed to describe an essential element SVV had to prove to establish Acer America was the alter ego of Acer, the erroneous jury instruction failed to properly guide the jury in its deliberation and affected the outcome of the case." *Id.*, citing *Z4 Technologies, Inc. v. Microsoft Corp.*, 507 F.3d 1340, 1353 (Fed. Cir. 2007). SVV responds that "Acer's proposed instruction is not a substantially correct statement of the law and fails to support Acer's new trial request." ECF No. 193 at 19. "In the Fifth Circuit, a party seeking a new trial based on jury instructions first "must demonstrate that the charge as whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Hartsell v. Dr. Pepper Bottling Co. of Texas*, 207 F.3d 269, 272 (5th Cir. 2000) (quoting *Johnson v. Sawyer*, 120 F.3d 1307, 1315 (5th Cir. 1997)). "Second, even if the jury instructions were erroneous," reversal is unwarranted if, based on the entire record, "the challenged instruction could not have affected the outcome of the case." *Id.* Because the Court found *supra* that the admissions of Ms. Shang, Acer's corporate representative and Acer's counsel effectively conceded the issue of vicarious liability for Acer America's direct infringement of the asserted claims, "the challenged instruction could not have affected the outcome of the case. Accordingly, the Court finds that to the extent there was legal error in the Court's jury instruction on vicarious liability for infringement, it was harmless and not a ground for a new trial on infringement.

Acer does not argue that SVV's theory of vicarious liability by Acer is otherwise legally invalid, so the Court's analysis focuses on the sufficiency of the jury's implied finding that Acer vicariously liable for the act of its wholly-owned subsidiary, Acer America. For the same reasons

that the Court denied Acer's JMOL on this same ground because it found that the jury's general verdict was supported by substantial evidence, the Court finds that the jury's implied verdict that Acer is vicariously liable for Acer America's infringing acts is not against the great weight of the evidence.

Because the Court finds that the jury's implied verdict that Acer is vicariously liable for Acer America's infringement is not against the great weight of the evidence, the Court **DENIES** the motion for new trial on infringement on this ground.

> c.       **A Jury Finding that Acer Induced Infringement by Acer America Is Not Against the Great Weight of the Evidence**

Acer contends that "[i]nduced infringement requires a showing that Acer possessed specific intent to encourage another's infringement." ECF No. 186 at 17. It further argues "Acer lacked specific intent to encourage another's infringement of the asserted claims, and instead, had a good faith belief of noninfringement. A finding of indirect (induced) infringement is against the great weight of the evidence." *Id*. The remainder of Acer's request for new trial on induced infringement (*id*. at 17-18) repeats the same arguments in its JMOL on the same ground (ECF No. 185 at 6-8), which the Court found waived and denied because the Court found that substantial evidence supported this implied finding subsumed in the jury's general verdict of infringement. Acer does not argue that SVV's theory of induced infringement by Acer is legally invalid, so the Court's analysis focuses on the sufficiency of the jury's implied finding that Acer induced infringement of its wholly-owned subsidiary, Acer America. For the same reasons that the Court would have denied Acer's JMOL on this same ground if not waived because it found that the jury's general verdict was supported by substantial evidence, the Court finds that the jury's implied verdict that Acer induced infringement of Acer America is not against the great weight of the evidence.

Because the Court finds that the jury's implied verdict that Acer induced infringement is not against the great weight of the evidence, the Court **DENIES** the motion for new trial on infringement on this ground.

### 5. The Jury's Verdict Is Not Against the Great Weight of the Evidence

Having considered and rejected Acer's four grounds for new trial and remittitur discussed *supra*, the Court **DENIES** Acer's Rule 59 Motion for a New Trial or Remittitur (ECF No. 186) in its entirety.

## IV. CONCLUSION

It is therefore ORDERED that:

- Acer's Rule 50(b) Renewed Motion for Judgment as a Matter of Law (ECF No. 185) is **DENIED**;

- Acer's Rule 59 Motion for a New Trial or Remittitur (ECF No. 186) is **DENIED**

**SIGNED** this 9th day of June, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

33